FILED
IN CLERKS OFFICE

2005 FEB -2 A 9:09

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARINUS WALRAVEN and IRENE WALRAVEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No.: |
| YARWAY CORPORATION, | ) ) | |
| Defendant. | ) | |

MAGISTRATE JUDGE _____

RECEIPT # 61763
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY CLK ____
DATE 2/2/05

### NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§1332(a)(1), 1441(a) and 1446(b), Defendant Yarway Corporation ("Yarway") hereby gives notice of its removal of this action to the United States District Court for the District of Massachusetts from the Superior Court of Massachusetts, Middlesex County, and in support thereof would respectfully show as follows:

1.   Yarway was originally named as a defendant in a civil action filed by plaintiffs in March, 2004, in the matter captioned *Marinus Walraven and Irene Walraven v. American Standard, Inc., et al.*, State of Illinois, Circuit Court of the Third Judicial Circuit, Madison County, No. 04-L-274 (the "State Court Action"). The State Court Action was an asbestos exposure product liability case in which plaintiffs sought monetary relief from Yarway. The State Court Action was originally filed in Madison County, Illinois in March, 2004. On October 6, 2004, a Judge of the Circuit Court for Madison County, Illinois ordered that the State Court Action be dismissed without prejudice and refiled in the appropriate forum, based on the doctrine of forum *non conveniens*. The State Court Action was not removable as of right at the time it was filed or during its pendency in Illinois because of the presence of non-diverse defendants.

2. Plaintiffs refiled the State Court Action on October 8, 2004, in the Superior Court of Middlesex County, Massachusetts, Civil Action No. 04-3940, captioned *Marinus Walraven and Irene Walraven v. American Standard, Inc., et al.* Also named as a defendant in the State Court Action filed in the Superior Court of Middlesex County, Massachusetts, was A.W. Chesterton Company, a Massachusetts corporation with its principal place of business in Massachusetts. Accordingly, at the time of filing in Middlesex Superior Court, the State Court Action was not removable as of right because of the absence of complete diversity of citizenship.

3. On February 1, 2005, counsel for Yarway, Milton Spaulding, learned from counsel for A.W. Chesterton, Bill Schultz, that, *prior* to plaintiffs' filing of the original suit in Madison County, Illinois, A.W. Chesterton had *entered into a global settlement agreement negotiated with counsel for the Plaintiffs that released all of the claims asserted by the Plaintiffs in the State Court Action against A.W. Chesterton.*

4. As a result of the pre-existing settlement agreement that released and extinguished all of Plaintiffs' claims against A.W. Chesterton, Plaintiffs' inclusion of A.W. Chesterton in the State Court Action constitutes fraudulent joinder in an attempt to prevent complete diversity and thwart Yarway's statutory right to remove this action to the United States District Court.

5. By operation of the doctrine of fraudulent joinder, complete diversity as required by 28 U.S.C. §1332(a) exists between Defendant Yarway and Plaintiffs, who are the only proper parties to this suit.

6. The date that this information concerning the existence of a settlement agreement between Plaintiffs and A.W, Chesterton was first received by counsel for Yarway, and therefore counsel for Yarway first became aware that the State Court Action was removable, was February 1, 2005. As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty

2

days of that date. Further, as also required by 28 U.S.C. §1446(b), this Notice of Removal is being filed within one year of the date of the commencement of the State Court Action.

7. Pursuant to Local District Court Rule 81.1 and 28 U.S.C. §1447(b), Yarway will file certified or attested copies of all pleadings, papers, process, orders and other matters in the State Court Action with the Clerk of the United States District Court for the District of Massachusetts within thirty (30) days hereof.

8. This Court has jurisdiction of this matter based upon complete diversity of citizenship between Plaintiffs and Yarway in accordance with 28 U.S.C. §1332(a).

9. Removal is authorized because the State Court Action is a civil action in which this Court has original jurisdiction under 28 U.S.C. §1332, and is one that may be removed to this Court by Yarway pursuant to the provisions of 28 U.S.C. §§1441(a) and 1446(b).

10. This matter is a civil action between citizens of different states, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs. Specifically:

   a. Plaintiffs Marinus Walraven and Irene Walraven are now and were at the time the State Court Action was commenced, citizens of Massachusetts, residing at 291 Oak Street, Randolph, Norfolk County, Massachusetts.

   b. Defendant Yarway Corporation is now and was at the time the State Court Action was commenced a citizen of Delaware and Pennsylvania because it was and is incorporated in Delaware and its principal place of business was and is at 480 Norristown Road, Blue Bell, Pennsylvania 19422.

11. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs. Plaintiffs have not alleged a specific amount of

damages in their Complaint, but it is apparent from the face of the pleadings that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs:

    a.    Plaintiffs allege that Marinus Walraven "was exposed to asbestos and asbestos-containing materials while he worked in the shipyards and on ships on navigable waters." (Complaint ¶7)

    b.    Plaintiffs allege that Marinus Walraven "worked continuously around the defendants' asbestos and asbestos-containing products during the course of his employment." (Complaint ¶8)

    c.    Plaintiffs allege that Marinus Walraven "was exposed to and did inhale and/or ingest asbestos dust, fibers and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were manufactured, fabricated, supplied, sold, distributed, installed, serviced, maintained, repaired, and/or used by the defendant corporations." (Complaint ¶9)

    d.    Plaintiffs allege that "[a]s a direct and proximate result of working with, around, and/or near asbestos materials . . . Marinus Walraven developed mesothelioma," and "suffered and will continue to suffer serious personal injuries." (Complaint ¶10)

    e.    Plaintiffs allege that Irene Walraven suffered "a loss of her right to consortium with her husband and the loss of her husband's services, guidance, affection, comfort, protection, society, counsel, advise, and companionship and she has suffered great mental anguish." (Complaint ¶27)

    f.    Plaintiffs demand judgment against the defendants for a reasonable amount plus statutory interest and costs. (Complaint, unnumbered paragraph following paragraphs 17, 24, and 27)

These allegations are the same or similar to those made by other plaintiffs around the country claiming damages for exposure to asbestos and asbestos containing products against these and other defendants. All of these circumstances demonstrate that the requisite jurisdictional amount is in controversy in this case.

12. Under 28 U.S.C. §101 and 1441(a), the State Court Action may be removed to the District Court for the District of Massachusetts because it is the United States District Court for the district embracing the place where the State Court Action is pending.

13. Counsel for Yarway will serve a copy of this Notice of Removal on counsel for Plaintiffs and will file a copy with the clerk of the state court in accordance with the provisions of 28 U.S.C. §1446(d) and Local District Court Rule 81.1.

**WHEREFORE**, Defendant Yarway Corporation requests that this Court assume full jurisdiction of this cause as if it had been originally filed here, and that further proceedings in the State Court Action be stayed.

**Respectfully submitted,**

**MORRISON MAHONEY LLP**

DATE: 2-2-2005        By: _____

Nicholas P. Alexander
Paul V. Sullivan
250 Summer Street
Boston, MA 02210-1181
617-439-7500

## CERTIFICATE OF SERVICE

I, Paul V. Sullivan, counsel for Defendant Yarway Corporation, hereby certify that I caused a true and correct copy of the foregoing Notice of Removal and Notice of Filing Notice

5

of Removal to be served via hand delivery, this ____ day of February 2005, upon the following:

Edward Paul Coady, Esq.
Christopher P. Duffy, Esq.
Coady Law Firm
205 Portland Street, 5th Floor
Boston, MA 02114
617-742-9510

                                              */s/ Paul V. Sullivan*
                                              Paul V. Sullivan

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Mathias Walraven v. _____ Yachting Corporation _____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         *Also complete AO 120 or AO 121
                                                                                  for patent, trademark or copyright cases

   ☐  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                          YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                                          YES ☐    NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                          YES ☐    NO ☑

                                                                          YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                          YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                          YES ☑    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☑       Central Division ☐       Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐       Central Division ☐       Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                                          YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Nicholas P. Alexander
ADDRESS  Morrison Mahoney, 250 Summer St, Boston, MA 02210
TELEPHONE NO.  617 439 7500

(Coversheetlocal.wpd - 10/17/02)

⬥JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Marinus Walraven

**DEFENDANTS**
Yarway Corp

(b) County of Residence of First Listed Plaintiff: Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Edward Crowley, 205 Portland St, Boston 02114
617 742 9510

Attorneys (If Known)
Nicholas P. Alexander, Morrison Mahoney LLP, 250 Summer St, Boston MA 02210, 617 439 7500

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Asbestos Personal Injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 2-2-05
SIGNATURE OF ATTORNEY OF RECORD: Nicholas P. Alexander

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____