UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARINUS WALRAVEN, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No.: 05-10197 WGY |
| ) | |
| YARWAY CORPORATION, ) | |
| ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT YARWAY CORPORATION'S
### OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Yarway Corporation ("Yarway") had a good faith basis to remove this action on February 2, 2005. The "facts" presented by Plaintiff in its Motion to Remand fail to establish that remand is appropriate. However, all of the facts that Yarway requires in order to carry its ultimate burden on this motion are complex and are largely in the possession of third parties who must be subpoenaed for deposition and/or appearance before the Court. Yarway intends to present live testimony from its attorney, Milton C. Spaulding, who resides in Illinois and has provided an affidavit herewith. Yarway firmly believes that the facts will show that a non-diverse defendant, A.W. Chesterton Inc. ("Chesterton"), was fraudulently joined in the state court proceeding solely to defeat diversity and notwithstanding the fact that Chesterton had entered into a global settlement agreement with lead counsel for hundreds of asbestos claimants that rendered Chesterton's inclusion in the state court action a sham. Yarway should be permitted to obtain and present this evidence on an expedited basis.

Accordingly, if it does not deny the motion altogether, the Court should defer ruling upon Plaintiff's Motion to Remand this case to Middlesex Superior Court until after (1) Yarway has an

945476v1

opportunity to conduct discovery on an expedited basis and (2) the Court holds an evidentiary hearing with respect to the issues relating to remand.

## BACKGROUND

On February 1, 2005, Yarway first obtained evidence that strongly suggested that Plaintiff Marinus Walraven ("Walraven") was involved in an elaborate scheme to prevent Yarway from removing the asbestos personal injury suit that he commenced in Middlesex Superior Court on October 8, 2004 to this Court. Specifically, Yarway's Illinois counsel was advised by counsel for A. W. Chesterton, Inc. ("Chesterton"), of Chesterton's counsel's belief that *"the reason Chesterton was not a defendant in the Walraven Madison County action was because 'Chesterton had reached an agreement with the Wise & Julian law firm.'"* [Affidavit of Milton C. Spaulding dated February 3, 2005, ¶7]. Chesterton's attorney *never* suggested that the *Walraven* suit was not included in the settlement arrangement. [Id.]. Chesterton's presence in the Middlesex Superior Court action was the only reason why Yarway could not remove the case to federal court. Based upon this information, which originated from Chesterton's own counsel, Yarway filed and served its Notice of Removal on February 2, 2005. Recognizing that pursuant to the provisions of 28 U.S.C. §1446(d) the Superior Court no longer had jurisdiction over this matter, Judge Jeffrey Locke stopped the trial.

The revelation by Chesterton's attorney provided confirming information as to the "sham" nature of Chesterton's inclusion in the Middlesex Superior Court case. Chesterton was not named as a defendant in the original Illinois action even though Walraven testified at length at his deposition regarding his exposure to asbestos-containing products manufactured by Chesterton. Chesterton never filed an answer or any other document in the Middlesex Superior Court action. [Henning Aff., ¶4]. Chesterton did not designate any expert witnesses. [Henning

Aff., ¶5]. Chesterton did not identify any fact witnesses. [Henning Aff., ¶7]. Chesterton did not participate in the depositions that were conducted in the matter. Chesterton did not file any motions in limine. [Henning Aff., ¶4]. Chesterton did not make an opening statement when the trial commenced. Chesterton did not file a trial exhibit list or proposed jury instructions. [Henning Aff., ¶4]. In short, at no time in the course of the Middlesex case has Chesterton acted like a real defendant being pursued by a plaintiff who is very ill.

In addition to Mr. Spaulding's Affidavit, Yarway has obtained an affidavit of Kurt B. Gerstner, one of the other attorneys involved on behalf of another party in the Middlesex Superior Court action. Chesterton's counsel advised Mr. Gerstner that there would be no reason for him to attend the trial once it started. [Affidavit of Kurt B. Gerstner dated February 3, 2005, ¶2]. This is still further evidence that the only reason why Chesterton is in the state court action is to prevent Yarway from removing the case to this Court.

## ARGUMENT

### I.  THE COURT SHOULD ORDER EXPEDITED DISCOVERY AND SCHEDULE AN EVIDENTIARY HEARING

In light of the fact that Yarway only first learned of the allegedly fraudulent joinder of Chesterton in this case on February 1, 2005, the record is not sufficient at this time for the Court to rule on the remand issue other than to deny the motion altogether. Yarway has come forward with competent evidence in the form of the Spaulding and Gerstner Affidavits which strongly suggest that Chesterton may have been fraudulently joined in the Middlesex Superior Court action. The evidence contained in these affidavits is supported by the uncontradicted evidence of Chesterton's non-participation in the Middlesex Superior Court action. Indeed, Chesterton did not even do something so basic as file a responsive pleading in that case. Yet, Plaintiff never pursued having a default entered against Chesterton.

Yarway is prepared to immediately serve subpoenas on both in-state and out-of-state witnesses (including Chesterton, the Wise & Julian and the Waters and Kraus law firms) in order to quickly gather the evidence that it needs to carry its burden that Chesterton was fraudulently joined in the state court action. Accordingly, the Court should only decide the issue after Yarway has been allowed a reasonable opportunity to obtain this evidence and present it to the Court through an evidentiary hearing.

It is settled law that the right of removal cannot be defeated by a fraudulent joinder of a non-diverse defendant having no real connection with the controversy. *Mills v. Allegiance Healthcare Corporation*, 178 F. Supp. 2d 1, 9 (D. Ma 2001). A fraudulent joinder is a sham and fraudulent if it is "without any reasonable basis in fact and without any purpose to prosecute the cause in good faith against the [defendant]." *Id.*, citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98 (1921) and *Chesapeake & Ohio Ry. v. L.B. Cockrell*, 232 U.S. 146, 153 (1914); *Carey v. Board of Governors of the Kernwood Country Club*, 337 F. Supp. 2d 339, 341 (D. Mass. 2004)("If, however, a request for remand is based upon a fraudulent joinder of a non-diverse defendant without a real connection to the controversy, the right of removal cannot be defeated and remand is inappropriate").

When a defendant removes a case from state court, he has the burden of showing the federal court's jurisdiction." *Danca v. Private Health Care Sys., Inc.* 185 F.3d 1, 4 (1st Cir. 1999). To meet its burden, a defendant need not prove that plaintiffs intended to mislead or deceive the Court. *Mills*, 178 F. Supp. 2d at 11-12. The primary concern is whether plaintiffs' claim was brought in good faith. *Mills*, 178 F. Supp. 2d at 11-12, citing *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995).

This Court has recognized that, to determine whether a party has been fraudulently joined to defeat diversity jurisdiction, the Court starts with the parties' pleadings but may also consider **summary judgment** type evidence, such as affidavits, transcripts, and exhibits. *In Re Massachusetts Diet Drug Litigation*, 338 F. Supp. $2^d$ 198, 202 (D. MA 2004), *citing Mills*, 178 F. Supp. 2d at 11-12 at 4-6. Given the timing of Yarway's removal and the motion to remand filed by the Plaintiffs, Yarway can only obtain the necessary "summary judgment type evidence" if it is allowed to serve subpoenas on the relevant parties and present its case by means of an evidentiary hearing. Yarway is not interested in delaying this matter and is prepared to serve all necessary subpoenas immediately. The Court can promptly schedule a date for witnesses to appear and testify. Following this procedure will ensure fundamental fairness and permit Yarway to have a meaningful opportunity to satisfy its burden of showing why the case should not be remanded.

## II.  PLAINTIFF'S AFFIDAVITS DO NOT ESTABLISH THAT IT IS ENTITLED TO HAVE THIS ACTION REMANDED

While Yarway respectfully submits that the better course of action would be for the Court to permit a reasonable period for expedited discovery and schedule an evidentiary hearing, the affidavits and other documents submitted by Plaintiff simply fail to establish that Yarway did not have a valid basis to remove this action. The principal affidavits submitted by Plaintiffs are from the ***local Massachusetts counsel*** representing Plaintiff and Chesterton in this case. [*See* Affidavit of Edward P. Coady, ¶3-5; Affidavit of John B. Manning, ¶3-5]. These affidavits relate to the terms of an alleged agreement between Chesterton and Mr. Coady's law firm regarding certain Massachusetts asbestos lawsuits. [Id.]. Mr. Coady and Mr. Manning set forth facts relating to an agreement allegedly reached in ***October 2003*** concerning these suits and claim that the *Walraven* matter was not within the scope of the agreement. [Id.].

These affidavits simply ignore the fact that Yarway's removal was not based upon any alleged agreement between Chesterton and Mr. Coady's law firm. As set forth in Mr. Spaulding's Affidavit, the agreement under which Yarway believes that Chesterton was relieved of liability for the *Walraven* case had nothing to do with Mr. Coady. Instead, this alleged agreement was reached between *Mr. Iola, the primary national settlement negotiator for the Wise & Julian law firm and Chesterton*. [Spaulding Aff., ¶7-8].

*In October 2003 there was no Walraven case in Massachusetts that could have been settled by Mr. Coady.* Mr. Walraven did not bring *any* action for alleged asbestos related injuries until March 2004, at which time he filed a lawsuit in Madison County, Illinois. Conspicuously absent from that suit as a defendant was Chesterton. It was only after the Illinois action was dismissed without prejudice on the grounds of *forum non conveniens* and the case was re-filed in Massachusetts that Chesterton, a Massachusetts corporation, magically appeared for the first time as a defendant. This was followed by complete inaction on the part of Chesterton, including its failure to even appear and answer the Complaint.

It is highly notable that Plaintiff elected *not* to submit to the Court an affidavit from Mr. Iola or any other member of the Wise & Julian firm denying the existence of an agreement (in whatever form) between Chesterton and his law firm that would encompass the *Walraven* suit. Such an affidavit would be simple to obtain. Since Mr. Iola has not put forth the facts contesting the existence of the agreement upon which Yarway's removal was based, there is no factual record upon which the Court can conclude that Plaintiff is entitled to have this action remanded.

## CONCLUSION

Yarway had more than a good faith basis for removing this action on February 2, 2005. Plaintiff has failed to show that Chesterton is a "real" defendant and has not addressed at all the facts concerning the arrangement between Chesterton and the Wise & Julian law firm that provided the basis for the removal. Yarway needs to obtain additional facts from non-parties in order to prove to this Court that Chesterton was fraudulently joined in the Middlesex Superior Court action in order to defeat diversity jurisdiction. The Court should allow Yarway an opportunity to do so by ordering expedited discovery and scheduling an evidentiary hearing.

Respectfully submitted,

**MORRISON MAHONEY LLP**

DATE: February 3, 2005

By: _____
John T. Harding, BBO #221270
250 Summer Street
Boston, MA 02210-1181
617-439-7500

945476v1