UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARINUS WALRAVEN and<br>IRENE WALRAVEN,<br><br>Plaintiffs,<br><br>v.<br><br>YARWAY CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>05-10197-WGY |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
SUPPLEMENTAL AFFIDAVIT OF WILLIAM D. SHULTZ, JR., ESQ. IN SUPPORT OF
PLAINTIFFS' EMERGENCY MOTION TO REMAND**

NOW COME the Plaintiffs, Marinus Walraven and Irene Walraven, by and through their counsel, and hereby move for leave of court to file the Supplemental Affidavit of William D. Shultz, Jr., Esq. in support of Plaintiffs' Emergency Motion to Remand.

At or about 9:00 a.m. yesterday, February 2, 2005, Defendant Yarway Corporation ("Yarway") filed its Notice of Removal of this action from Suffolk Superior Court to the United States District Court for the District of Massachusetts. At or about 11:30 a.m., the Honorable Jeffrey A. Locke stayed the jury trial against Defendants Yarway and A.W. Chesterton Company ("Chesterton"). At or about 4:30 p.m., Plaintiffs filed their Emergency Motion to Remand. Judge Locke is prepared to order the jury back on Friday or Monday as warranted by this Court's ruling on Plaintiffs' Motion.

In support of Plaintiffs' Emergency Motion to Remand, William D. Shultz, Jr., Esq. of Cates, Kurowski, Bailey & Shultz, LLC, local counsel for Chesterton in asbestos litigation in

Illinois, submitted an affidavit directly refuting Yarway's unsupported claim that Plaintiffs had settled Walraven with Chesterton under a preexisting global settlement agreement. (See Exhibit C to Plaintiffs' Emergency Motion to Remand.) In his affidavit, Mr. Shultz described his brief conversation with Milton Spaulding, local counsel for Yarway in Illinois, in which he explicitly stated that he had no knowledge of anything about the Massachusetts litigation in general or a settlement agreement with Chesterton in particular. (See id.)

Plaintiffs now move for leave to file the Supplemental Affidavit of Mr. Shultz, which concerns his subsequent conversation with Mr. Spaulding on February 2, 2005, following the submission of his initial affidavit in this case. (See Exhibit A, Supplemental Affidavit of William D. Shultz, Jr., Esq., February 2, 2005.) During that conversation, Mr. Shultz informed Mr. Spaulding that Yarway's allegations of fraudulent joinder in its Notice of Removal were not factually correct. (See id. at ¶ 3.) The two attorneys never even discussed any alleged global settlement agreement on February 1, 2005, which conversation purportedly formed the basis for Yarway's removal. (See id. at ¶ 4.) Mr. Shultz merely informed Mr. Spaulding that, to this knowledge, Chesterton was not named in the predecessor Madison County action and did not settle with Plaintiffs. (See id. at ¶ 5.) In this subsequent conversation, Yarway's counsel, Mr. Spaulding, apologized repeatedly and indicated that he had misunderstood and "screwed up." (See id. at ¶ 6.)

It is clear that Yarway removed this action and disrupted an ongoing trial in state court based merely on a now <u>admittedly mistaken assumption made by a Yarway attorney in Missouri who had no personal knowledge at all as to the facts which formed the only basis for the removal.</u> In its blind craftiness to escape the ongoing trial, Yarway filed and signed an unsupported and unverified pleading misrepresenting the facts to this Court and Suffolk Superior

2

Court. This Court should sanction Yarway for its egregious violation of Rule 11, and award reasonable expenses and attorney's fees incurred by Plaintiffs in presenting their Emergency Motion for Remand and accompanying papers, and for expenses incurred rescheduling witnesses at trial.

The simple fact is that Yarway desperately wants this asbestos case removed to the District of Massachusetts, which results in an automatic transfer to the asbestos MDL in Pennsylvania. If that happens, Plaintiffs' claims against Yarway will likely not be heard for many years, if ever – at any rate, not until long after this exigent plaintiff dies of his malignant mesothelioma tumor whose asbestos-related origin is uncontroverted by all parties. If Plaintiffs' claims against Chesterton and Yarway proceed back to state court, where they properly belong, they will proceed to resolution in a matter of days.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court GRANT Plaintiffs' Emergency Motion to Remand, ORDER this case back to trial at Suffolk Superior Court, SANCTION Yarway, and AWARD reasonable expenses and attorney's fees to Plaintiffs.

Dated: February 3, 2005

Respectfully submitted,
The Plaintiffs,
By their attorneys,

Edward Paul Coady, Esq.
BBO No. 546079
Christopher P. Duffy, Esq.
BBO No. 648402
Coady Law Firm
205 Portland Street
Boston, MA 02114-1721
(617) 742-9510

3

CERTIFICATE OF SERVICE

I, Christopher P. Duffy, Esq., hereby certify that I served a true and correct copy of the attached document, Plaintiffs' Motion for Leave to File Supplemental Affidavit of William D. Shultz, Jr., Esq. in Support of Plaintiffs' Emergency Motion to Remand, upon all remaining counsel of record, via facsimile, on this 3rd day of February, 2005.

_____
Christopher P. Duffy, Esq.

4

STATE OF ILLINOIS )
)
COUNTY OF ST. CLAIR )

## SUPPLEMENTAL AFFIDAVIT OF
## WILLIAM D. SHULTZ, JR.

William D. Shultz, Jr., being duly sworn and under oath, deposes and states as follows:

1. I am of legal age and under no disability;

2. This Affidavit supplements my previous Affidavit, which was executed on February 2, 2005.

3. On February 2, 2005, I had a subsequent conversation with Milton Spaulding, an attorney with Spencer, Fane, Britt and Browne in St. Louis Missouri. During that conversation, I informed Mr. Spaulding that I was very displeased with the allegations in the Notice of Removal referencing his February 1, 2005 conversation with me. I informed Mr. Spaulding that these allegations were not factually correct and he would be hearing from my partner, John Kurowski. Mr. Spaulding apologized to me.

4. Mr. Spaulding stated that since A.W. Chesterton was identified in plaintiff's deposition and the interrogatories, he assumed there was some sort of administrative deal in place. I reminded Mr. Spaulding that he never mentioned this in our initial conversation.

5. I again informed Mr. Spaulding that he only asked if A.W. Chesterton was in the Walraven case when it was in Madison County, Illinois or if A.W. Chesterton settled and I informed him that we were not in the case and did not settle that I was aware of.